SAMUEL A. HILLER, Respondent, *v.* GOODLEY HOLDING CORPORATION, Appellant.

First Department, May 29, 1936.

*William Gold* of counsel [*George Goldberg* with him on the brief; *Levy, Gutman & Goldberg,* attorneys], for the appellant.

*Alfred E. Herz,* for the respondent.

UNTERMYER, J. Plaintiff, a prospective tenant, paid to the defendant's agent, Max Brody, a deposit on the lease of an apartment in the defendant's premises. At the time of the deposit he received a receipt reading as follows:

" Received from Samuel A. Hiller the sum of $5 on account of rent due as stated in Memorandum lease dated and signed October 20, 1934, and in accordance with the terms thereof and subject to all the terms and conditions therein and in lessor's long form lease set forth. 1368 Sheridan Avenue, Apartment 4F.

" (Signed)    MAX BRODY.
" Subject to owner's approval."

At the same time the plaintiff signed a " Memorandum lease " bearing the superscription " Subject to the approval of the owner," wherein it is stated " that this instrument constitutes a definite letting " and that " possession may be had — Oct. 30, 1934," subject to the lessor's right " within fifteen (15) days from the date hereof, after making an examination of the lessee's references, to cancel this instrument by serving upon the lessee by mail a written notice of cancellation directed to either the business or home address of the lessee as above set forth and returning to the lessee the amount paid on account of the first month's rent as above set forth. The option so to cancel this instrument extends to the lessor only and must be exercised within fifteen (15) days from the date hereof, otherwise this agreement shall remain in full force and effect."

After the execution of this instrument, the defendant proceeded to investigate the plaintiff's references but was unable to obtain satisfactory information within the period of fifteen days. Thereupon, within that period, the defendant returned to the plaintiff the deposit of five dollars and at the same time served notice on the plaintiff that his application for the lease of the apartment was disapproved. Subsequently, the defendant leased the apart-

ment to another tenant. The plaintiff then instituted this action for damages for breach of contract and for the breach of the covenants of the lease.

By the express terms of the contract the defendant reserved the right within a period of fifteen days to refuse the plaintiff as a tenant, for the letting was expressly conditioned on the owner's approval of the tenancy. Consequently the writing signed by the plaintiff and by the defendant's agent did not become binding on the defendant unless it permitted the fifteen-day period to elapse without exercising its right to cancellation. Since the landlord exercised that right and rejected the plaintiff as a tenant in accordance with the express provisions of the memorandum, there was no breach of any contract or lease and there could be no recovery of damages.

The determination of the Appellate Term and the judgment of the Municipal Court in favor of the plaintiff should be reversed and the complaint dismissed, with costs to the defendant in all courts.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Determination appealed from and judgment of the Municipal Court unanimously reversed and the complaint dismissed, with costs to the defendant in all courts.